IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

APR 1 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JURY TRIER DEMANDED

DANIEL E. HEILY
    9412 Brian Jac Court
    Great Falls, Virginia 22066
    703-755-5656

Plaintiff,

v.

United States Department of Defense
Serve  Dr. Robert M. Gates
      Secretary of Defense
      1000 Defense Pentagon
      Washington, DC 20301-1000

and

United States Department of Justice
Serve  Attorney General Alberto R. Gonzales
      U.S. Department of Justice
      950 Pennsylvania Avenue, NW
      Washington, DC 20530-0001
Defendants.

Case: 1:07-cv-00673
Assigned To : Walton, Reggie B.
Assign. Date : 4/13/2007
Description: HEILY V. US D.O.J

    *This complaint is to induce the United States Department of Defense and the United States Justice Department to obey the FOIA and Privacy Act.*

## BILL OF COMPLAINT

Comes now the Plaintiff Daniel E. Heily, who brings this action to obtain redress for the defendants to lawfully comply with federal Freedom of Information Act law.

JURISDICTION

1. This Court has original jurisdiction pursuant to 5 U.S.C. § 552 and §552a.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552 and §552a.

3. This court has authority to award the requested damages and costs pursuant to 5 U.S.C 552a; and requested injunctive relief pursuant to 5 U.S.C § 552 and §552a.

THE PARTIES

4. Plaintiff Daniel E. Heily is a citizen of the State of Virginia.

5. Defendant Department of Defense is a governmental entity led by the Honorable Dr. Robert M. Gates.

6. Defendant Department of Justice is a governmental entity led by the Honorable Alberto R. Gonzales.

FACTS

7.  Plaintiff sent a FOIA and/or Privacy Act requests to defendants on the following dates:

Plaintiff sent a FOIA and/or Privacy act request to defendants on the following dates:

| | |
|---|---|
| January 25, 2006 | FOIA/PA Request to the Director NGA |
| January 26, 2006 | FOIA/PA Request to the Director NGA |
| January 30, 2006 | FOIA/PA Request to the Director NGA |
| February 9, 2006 | FOIA/PA Request to the Director NGA |
| February 12, 2006 | FOIA/PA Request to the Director NGA |
| February 15, 2006 | FOIA/PA Request to the Director NGA |
| February 20, 2006 | FOIA/PA Request to the Director NGA |
| July 24, 2006 | FOIA/PA Request to the Director NGA |
| January 5, 2007 | FOIA/PA Request to the Director NGA |
| January 22, 2007 | FOIA/PA Request to the Director NGA |
| January 22, 2007 | FOIA/PA Request to the DoD IG |
| January 24, 2007 | FOIA/PA Request to the Director NGA |
| January 25, 2007 | FOIA/PA Request to the Director NGA |
| March 2, 2007 | FOIA/PA Request to the US DOJ |

8.  Defendants received each the requests enumerated *supra*.

9.  The *supra* requests are attached as Exhibit A and included herein by reference.

10. To date, defendants have not provided a single piece of data in response to the *supra* requests.

11. Since the March 2003 invasion of Iraq, NGA has excused the non-essential workforce for a half day prior to many national holidays.

12. Defendant DoD received the FOIA/PA Request document in Exhibit A dated January 25, 2006 addressed to: Director NGA.

13. Defendant DoD has custody and control of all documents requested in the FOIA/PA Request to Director NGA dated January 25, 2006.

14. As of April 14, 2007, Defendant DoD had not delivered any of the documents requested by the FOIA/PA request dated January 25, 2006.

15. Defendant DoD received the FOIA/PA Request document in Exhibit A dated January 26, 2006 addressed to: Director NGA.

16. Defendant DoD has custody and control of all documents requested in the FOIA/PA Request to Director NGA dated January 26, 2006.

17. As of April 14, 2007, Defendant DoD had not delivered any of the documents requested by the FOIA/PA request dated January 26, 2006.

18. Defendant DoD received the FOIA/PA Request document in Exhibit A dated January 30, 2006 addressed to: Director NGA.

19. Defendant DoD has custody and control of all documents requested in the FOIA/PA Request to Director NGA dated January 30, 2006.

20. As of April 14, 2007, Defendant DoD had not delivered any of the documents requested by the FOIA/PA request dated January 30, 2006.

21. In a letter dated February 9, 2006, Defendant DoD acknowledged receipt of the January 25, 26 and 30th FOIA/PA Requests. This letter is Exhibit A.

22. The Defendant DoD's February 9, 2006 letter denied Plaintiff's request for a fee waiver, and requested confirmation of defendant's willingness to pay fees.

23. Defendant DoD received the FOIA/PA Request document in Exhibit A dated February 9, 2006 addressed to: Director NGA.

24. Defendant DoD has custody and control of all documents requested in the February 9, 2006. FOIA/PA Request.

25. As of April 14, 2007, Defendant DoD had not delivered any of the documents requested by the FOIA/PA request dated February 9, 2006.

26. Defendant DoD received the FOIA/PA Request document in Exhibit A dated February 12, 2006 addressed to: Director NGA.

27. Defendant DoD has custody and control of all documents requested in the FOIA/PA Request to Director NGA dated February 12, 2006.

28. As of April 14, 2007, Defendant DoD had not delivered any of the documents requested by the FOIA/PA request dated February 12, 2006.

29. Defendant DoD received the FOIA/PA Request document in Exhibit A dated February 15, 2006 addressed to: Director NGA.

30. Defendant DoD has custody and control of all documents requested in the FOIA/PA Request to Director NGA dated February 15, 2006.

31. As of April 14, 2007, Defendant DoD had not delivered any of the documents requested by the FOIA/PA request dated February 15, 2006.

32. Defendant DoD received the letter from Plaintiff in Exhibit A dated February 15, 2006 addressed to: Director NGA.

33. The February 15, 2006 letter from Plaintiff confirmed the willingness to pay fees as requested by Defendant DoD's February 9, 2006 letter.

34. Defendant DoD sent a letter dated February 15, 2006 and identified as OGCA-20060069 acknowledging receipt of Plaintiff's February 9,2006 FOIA/PA request. This letter denied Plaintiff's request for a fee waiver.

35. Defendant DoD sent a letter dated February 15, 2006 and identified as OGCA-20060070 acknowledging receipt of Plaintiff's February 12, 2006 FOIA/PA request. This letter denied Plaintiff's request for a fee waiver.

36. Defendant DoD received the FOIA/PA Request document in Exhibit A dated February 20, 2006 addressed to: Director NGA.

37. Defendant DoD has custody and control of all documents requested in the FOIA/PA Request to Director NGA dated February 20, 2006.

38. As of April 14, 2007, Defendant DoD had not delivered any of the documents requested by the FOIA/PA request dated February 20, 2006.

39. Defendant DoD received the Willingness to pay fees letter in response to the two NGA letters dated February 15, 2006. This document in Exhibit A dated February 26, 2006 addressed to: Director NGA.

40. Defendant DoD received the FOIA/PA Request document in Exhibit A dated July 24, 2006 addressed to: Director NGA.

41. Defendant DoD has custody and control of all documents requested in the FOIA/PA Request to Director NGA dated July 24, 2006.

42. As of April 14, 2007, Defendant DoD had not delivered any of the documents requested by the FOIA/PA request dated July 24, 2006.

43. On October 12, 2006 Plaintiff submitted a complaint to DoD IG about lack of FOIA/PA response by the DoD Agency NGA.

44. The DoD Inspector General assigned investigation responsibilities to the NGA IG.

45. The NGA IG closed the complaint in a latter dated December 21, 2006. That letter is included in Appendix A.

46. As of December 21, 2006, the **DoD** Inspector General considers Defendant DoD's response to Plaintiff's FOIA/PA requests to comply with the law.

47. As of December 21, 2006, the **NGA** Inspector General considers Defendant DoD's response to Plaintiff's FOIA/PA requests to comply with the law.

48. As of April 14, 2007, the DoD Inspector General considers the response to Plaintiff's FOIA/PA requests to comply with the law.

49. As of April 14, 2007, the NGA Inspector General considers the response to Plaintiff's FOIA/PA requests to comply with the law.

50. Defendant DoD received the FOIA/PA Appeal document in Exhibit A dated January 5, 2007 addressed to: Director NGA. This Appeal covered the requests made on January 25, 2006, January 26, 2006, January 30, 2006, February 9, 2006, February 12, 2006, February 15, 2006, February 20, 2006, and July 24, 2006.

51. As of April 14, 2007, Defendant DoD has not responded the FOIA/PA Appeal dated January 5, 2007.

52. NGA FOIA/PA regulations are in Instruction 5750.2, "NGA Instruction for Freedom of Information Act Program," 24 November 2003.

53. DoD FOIA/PA regulations include Department of Defense (DoD) Directive 5400.7, "DoD Freedom of Information Act Program," 29 September 1997, and DoD 5400.7-R, DOD Freedom of Information Act Program, September 4, 1998.

54. Defendant DoD has elected to ignore the laws of Congress in this matter.

55. Defendant DoD has sufficient manpower to provide 4 hours administrative leave to non-essential NGA personnel prior to most Federal Holidays during the pendency of Plaintiff's FOIA/PA requests.

56. Defendant DoD has provided 4 hours administrative leave to non-essential personnel prior to most Federal Holidays starting on or before October 1, 2002.

57. Defendant DoD received the FOIA/PA request in Exhibit A dated January 5, 2007 addressed to: Director NGA.

58. Defendant DoD has custody and control of all documents requested in the FOIA/PA Request to Director NGA dated January 5, 2007.

59. As of April 14, 2007, Defendant DoD had not delivered any of the documents requested by the FOIA/PA request dated January 5, 2007.

60. Defendant DoD received the FOIA/PA Request delivered in the body of an email document in Exhibit A dated January 22, 2007 addressed to: DoD Inspector General.

61. Defendant DoD has custody and control of all documents requested in the FOIA/PA Request to DoD Inspector General dated January 22, 2007.

62. As of April 14, 2007, Defendant DoD had not delivered any of the documents requested by the FOIA/PA request dated January 22, 2007.

63. Defendant DoD received the "FOIA/PA Request and Amendment to Prior Requests" document in Exhibit A dated January 22, 2007 addressed to: Director NGA.

64. Defendant DoD has custody and control of all documents requested in the FOIA/PA Request to Director NGA dated January 22, 2007.

65. As of April 14, 2007, Defendant DoD had not delivered any of the documents requested by the FOIA/PA request dated January 22, 2007.

66. Defendant DoD received the FOIA/PA Request document in Exhibit A dated January 24, 2007 addressed to: DoD IG.

67. Defendant DoD has custody and control of all documents requested in the FOIA/PA Request to DoD IG dated January 24, 2007.

68. As of April 14, 2007, Defendant DoD had not delivered any of the documents requested by the FOIA/PA request dated January 24, 2007.

69. Defendant DoD received the FOIA/PA Request document in Exhibit A dated January 25, 2007 addressed to: Director NGA.

70. Defendant DoD has custody and control of all documents requested in the FOIA/PA Request to Director NGA dated January 25, 2007.

71. As of April 14, 2007, Defendant DoD had not delivered any of the documents requested by the FOIA/PA request dated January 25, 2007.

72. Defendant DoD acknowledged receipt of DoD IG FOIA/PA document in Exhibit A dated January 25, 2007 addressed to: Dan Heily.

73. Defendant DoD received the entreaty to Director NGA that FOIA/PA is being ignored document in Exhibit A dated January 29, 2007 addressed to: Director NGA.

74. Defendant DoD denied the January 24, 2007 IG FOIA/PA request document in Exhibit A dated February 7, 2007 addressed to: Dan Heily.

75. Defendant DoD received the FOIA/PA Appeal document in Exhibit A dated February 9, 2007 addressed to: DoD IG.

76. Defendant DoD acknowledged of receipt of DoD IG FOIA/PA Appeal. The document is in Exhibit A dated February 20, 2007 addressed to: Dan Heily.

77. Defendant DOJ received the FOIA/PA Request document in Exhibit A dated March 2, 2007 addressed to: the US DOJ.

78. Defendant DOJ has custody and control of all documents requested in the FOIA/PA Request to the US DOJ dated March 2, 2007.

79. As of April 14, 2007, Defendant DOJ had not delivered any of the documents requested by the FOIA/PA request dated March 2, 2007.

80. Defendant DoD received the Report to Congress provided by the Plaintiff. The cover letter to that report is in Exhibit A dated March 22, 2007 addressed to: Senate and House Intelligence Committees with cc to SECDEF and D/NGA.

81. Defendant DoD received the second entreaty to Director NGA that FOIA/PA is being ignored document in Exhibit A dated March 23, 2007.

82. As of April 14, 2007, Defendant DoD had not responded to the second entreaty that FOIA/PA requests are being ignored.

DEFENDANT DoD's MOTIVE TO AVOID PROVIDING REQUESTED DATA

83. Data requested in the January 25, 2006 and February 9, 2006 FOIA/PA requests would either prove or disprove that the Letter of Reprimand issued on December 21, 2005 was did not comport with the applicable policy, including NGA Instruction 1455.1 *et seq.*

84. Data requested in the January 25, 2006 and February 9, 2006 FOIA/PA requests would either prove or disprove that the Letter of Reprimand issued on December 21, 2005 was retaliation.

85. Data requested in the January 25, 2006 and February 9, 2006 FOIA/PA requests would either prove or disprove that the Letter of Reprimand issued on December 21, 2005 was part of a conspiracy.

86. Data requested in the January 26, 2006 FOIA/PA request would demonstrate that the Final Decision Concerning the Formal Appeal of the FY 05 Performance Appraisal and Promotion was did not comport with the applicable NGA policy.

87. Data requested in the January 26, 2006 FOIA/PA request would either prove or disprove that the Final Decision Concerning the Formal Appeal of the FY 05 Performance Appraisal and Promotion was part of a conspiracy to retaliate against the Plaintiff.

88. Data requested in the January 26, 2006 FOIA/PA request would either prove or disprove that the Final Decision Concerning the Formal Appeal of the FY 05 Performance Appraisal and Promotion was abuse of process.

89. Data requested in the January 30, 2006 FOIA/PA request will demonstrate that the performance evaluation process is totally subjective.

90. Data requested in the January 25, 2006 FOIA/PA request would either prove or disprove that the Letter of Reprimand issued on December 21, 2005 was did not comport with the applicable policy, including NGA Instruction 1455.1 et seq.

91. Data requested in the January 25, 2006 FOIA/PA request would either prove or disprove that the Letter of Reprimand issued on December 21, 2005 was retaliation.

92. Defendant DoD employee Larry Stephens left the following voice mail on December 12, 2005 at 7:19am: actual voice mail may be heard at:

http://dan.heily.com/NGA/051212%20Voice%20Mail%20from%20Larry%20Stephens.wav

*"Hey Dan, this is Larry its Monday Morning. I do want to let you know I wanted to try to touch base with you today. Ah this is this is this is ah is ah administrative, it relates to your appeal. You wouldn't know this, but this coming Friday, and over the weekend, I have gone through and pulled together a chronology of the issues that have occurred actually since January ah of this year, up to the end of the Fiscal year. And I have 31 pages of issues and comments right now, 59 emails and I'm done. And I think that I can clearly show ah that you know, based on a promotion profile from a four to five, that you know, not only do you not meet it, ah but that you know I did give you credit for your GSMA work. That you may not have gotten a satisfactory, if I would if I have had just judged you on what I am going to show. I just don't think that this is beneficial for any of us to go through this. I again, would much rather work with you and find a way forward that is positive then start reveling dirty laundry. Because I can show tasks that you got that you either did not complete, or not complete on time, guidance you were given that you did not follow. Ah directions that you were provided consistently that you ignored. Ah so, And, I just would would rather not do that. I would rather again, find a way to address the issues and move ahead. Ah, and I would rather address the issues and move ahead. Ah because I can show from mid-point on when these were brought up, until until now if I need to that some of the concerns that existed we've seen results. Which is the reason was in mid-point. And is the reason that I've already mentioned to you we have to have a talk you know soon about what you are doing because some of it is continuing. But you know, it is your call. I would ask you to seriously reconsider because I'm you know all I have do is to show is show that you didn't deserve anything above satisfactory. And I can show that and I am very confidant of that. So ah But that is your call. But I would ask you to rethink it again  Again, I'm I'm only about half way through all my notes and all my emails to do this. So when*

*it is done, I going to have a very long chronology with issues from from January on until now if I have to. So, but ah, and I just would I wouldn't want to do this to anybody, So I don't really want to do this to you. But you know if if you want to continue, I will have no choice. Ah but I would at least like to at least touch base with you today about this. Thank you much. Bye"*

93. In the voice mail *supra* Defendant DoD is asking Plaintiff to "reconsider" his lawful action regarding an appeal of his FY 05 Performance Appraisal.

94. Providing the data requested in Plaintiff's FOIA would document the retaliation threatened in the December 12, 2005 voice mail *supra*.

95. Defendant DoD's combat support agency, National Geospatial-Intelligence Agency has no internal policy regarding the use of the For Official Use Only (FOUO) designation.

96. Defendant DoD's combat support agency, National Geospatial-Intelligence Agency uses the FOUO designation in violation of Department of Defense (DoD) Freedom of Information Act Program Regulation, DoD 5400.7-R.

97. Defendant DoD recognizes that all emails are public records.

98. Defendant DoD is bound by U.S. Code 44 U.S.C. § 3105(1) which states: *" that records in the custody of the agency are not to be alienated or destroyed except in accordance with sections 3301-3314 of this title, and"*

99. Direct Hire actions made by Defendant DoD's agency NGA are governed by NGA Instruction NI 4502 *et seq.*

100. NGA Instruction NI 4502 *et seq* restricts direct hiring actions to *"A qualified applicant with an unusual or one-of-a-kind job skill ... direct-to-public hire is used only to meet a mission-critical need."*

101. The February 15, 2006 *inter alia* requested information regarding individuals hired under the direct-to-public authority.

102. Douglas Goolsby was hired by NGA under the  direct-to-public authority.

103. Douglas Goolsby was a personal friend of LaurieJo Litton nee Kelty.

104. Douglas Gooslby did not have any unique job skills that applied to NGA.

105. The hiring of Douglas Goolsby did not fill a mission-critical need.

106. Evangelo Karagiorgis was hired by NGA under the  direct-to-public authority.

107. Evangelo Karagiorgis was a personal friend of LaurieJo Litton nee Kelty.

108. Evangelo Karagiorgis did not have any unique job skills that applied to NGA.

109. The hiring of Evangelo Karagiorgis did not fill a mission-critical need.

110. U.S. Code 10 U.S.C. , Defense Acquisition Workforce Acquisition (DAWIA) Corps has provisions for exempting "...who, on October 1, 1991, has at least 10 years of experience in acquisition positions or in comparable positions in other government agencies or the private sector."

111. Per regulation, the DAWIA exemption is associated with each position that an individual holds.

112. A February 20, 2006 FOIA/PA requested *"materials submitted by David Scopp for his most recent two DAWIA exemptions that he has requested."*

113. Dave Scopp has been in several positions requiring DAWIA certification.

114. Dave Scopp applied for and has received one or more exemptions based on 10 years of experience in acquisition positions prior to October 1, 1991.

115. In fact, Dave Scopp does not qualify because he does not have 10 years acquisition experience prior to October 1, 1991.

116. Defendant DoD did not provide the data requested on February 20, 2006 regarding Dave Scopp because the Defendant DoD wants to conceal malfeasance on the part of Dave Scopp.

117. On January 5, 2007, Plaintiff requested transcripts (or copy of tape recordings) of all individuals interviewed as a result of Plaintiff's January 24, 2006 IG Complaint.

118. The transcripts requested *supra* are final documents.

119. Defendant DoD intends no further action on Plaintiff's January 2006 IG Complaint.

120. Defendant DoD did not provide the transcripts because it would show that the Defendant DoD's IG (both at the DoD level and the NGA level) have become co-conspirators in the malfeasance/misfeasance on the part of Defendant DoD.

121. On January 22, 2007, Plaintiff requested the Defendant DoD IG Complaint File from the DoD IG for the complaint that was filed on January 24, 2006.

122. The Complaint file mentioned *supra* is a final document since over fifteen months has passed since it was opened.

123. Defendant DoD did not provide the IG Complaint File because it would show that the Defendant DoD's IG (both at the DoD level and the NGA level) have become co-conspirators in the malfeasance/misfeasance on the part of Defendant DoD.

124. On January 24, 2007, Plaintiff requested the Defendant DoD IG Complaint File from the NGA IG for the complaint that was filed on January 24, 2006.

125. The Complaint file mentioned *supra* is a final document since over fifteen months has passed since it was opened.

126. Defendant DoD did not provide the IG Complaint File because it would show that the Defendant DoD's IG (both at the DoD level and the NGA level) have become co-conspirators in the malfeasance/misfeasance on the part of Defendant DoD.

127. FOIA request to Defendant DOJ was sent certified on March 2, 2007(7005 1160 0002 7262 2933). Defendant DOJ signed the delivery receipt on March 14, 2007.

128. Defendant DOJ has missed the statutory deadline for responding to Plaintiff's FOIA.

129. By statute, Plaintiff's administrative appeals have been exhausted, and court action is permitted.

RELIEF REQUESTED

130. Whereas by 5 USC § 552, plaintiff's administrative appeals have been exhausted, plaintiff prays the court grant the following relief:

> a. That the defendants be ordered to lawfully respond to each of the FOIA and Privacy Act requests contained in the documents in Attachment A .

> b. That the Court determine that the data is being used for public purposes (i.e. Report to Congress identified in Appendix A) and concomitantly the fee should be waived.

> c. A judicial determination that the Defendant DoD acted "arbitrarily or capriciously with respect to the withholding public records, and failure to follow U.S. Code  5 U.S.C. § 552.

> d.  That a determination that Defendant DoD acted arbitrarily or capriciously with respect to withholding data from the Plaintiff.

e.  Refer the Defendant DoD to the Special Counsel in accordance with 5 USC 552 (F) which states:

*Whenever the court orders the production of any agency records improperly withheld from the complainant and assesses against the United States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding. The Special Counsel, after investigation and consideration of the evidence submitted, shall submit his findings and recommendations to the administrative authority of the agency concerned and shall send copies of the findings and recommendations to the officer or employee or his representative. The administrative authority shall take the corrective action that the Special Counsel recommends.*

f.  The costs of the suit and attorneys' fees; nominal damages, and such other and further relief as the Court may deem proper.

JURY TRIAL DEMANDED

Respectfully Submitted this thirteenth day of April 2007.

*Daniel E. Heily*

Daniel E. Heily, Plaintiff
9412 Brian Jac Court
Great Falls, Virginia 22066-2009
703-755-5656

- 12 -

**Certificate of Service**

_____

 I hereby certify that a copy of this Bill of Complaint with attachments was mailed first class, postage prepaid to the following on April 13, 2007 to the parties below.

*Daniel E. Heily*
Daniel E. Heily, Plaintiff

United States Department of Defense          Sent certified 7004 2890 0001 1303
Dr. Robert M. Gates
Secretary of Defense
1000 Defense Pentagon
Washington, DC 20301-1000

United States Department of Justice          Sent certified 7004 2890 0001 1310
Attorney General Alberto R. Gonzales
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Jeffrey A. Taylor                            Sent certified 7004 2890 0001 1327
United States Attorney's Office for the
District of Columbia
555 4th Street, NW
Washington, DC 20530

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Daniel Heily | United States Department of Defense<br>United States Department of Justice |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

9412 Brian Jac Court
Great Falls, Virginia 22066
703-759-3013

Case: 1:07-cv-00673
Assigned To : Walton, Reggie B.
Assign. Date : 4/13/2007
Description: HEILY V. US D.O.J

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
   Plaintiff

● 2 U.S. Government
   Defendant

○ 3 Federal Question
   (U.S. Government Not a Party)

○ 4 Diversity
   (Indicate Citizenship of
   Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ● 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ A. Antitrust

☐ 410 Antitrust

○ B. Personal Injury/
   Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
   der
   ability
   lity
   t Liability
   

○ C. Administrative Agency
   Review

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
   Administrative Agency is Involved)

○ D. Temporary Restraining
   Order/Preliminary
   Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**OR** ○ F. Pro Se General Civil

y
ppeal 28 USC 158
ithdrawal 28 USC 157

etitions
eath Penalty
andamus & Other
ivil Rights
rison Condition

ights
opyrights
atent
rademark

x Suits
xes (US plaintiff or
efendant
RS-Third Party 26
SC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
   of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
   Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
   Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
   Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
   Exchange
☐ 875 Customer Challenge 12 USC
   3410
☐ 900 Appeal of fee determination
   under equal access to Justice
☐ 950 Constitutionality of State
   Statutes
☐ 890 Other Statutory Actions (if
   not administrative agency
   review or Privacy Act

Court Name: District of Columbia
Division:
Receipt Number: 4616003577
Cashier ID: dcallis
Transaction Date: 04/13/2007
Payer Name: DANIEL E HEILY

CIVIL FILING FEE
For: DANIEL E HEILY
Amount:     $350.00

CHECK
Check/Money Order Num: 157
Amt Tendered: $350.00

Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

07-673

Only when the bank clears the check, money order, or verifies credit of funds is the fee or debt officially paid or discharged. A $45 fee will be charged for a returned check.

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ⊙ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
5 USC 552 and 5 USC 552(a) FOIA Act and Privacy Act.  Defendants have failed to respond to lawful FOIAs and Privacy Act Requests

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
**JURY DEMAND:**    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  4-13-2007    SIGNATURE OF ATTORNEY OF RECORD  *Daniel E. Reilly*

---

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# Exhibit A

| Date | To | Document |
|---|---|---|
| January 25, 2006 | Director NGA | FOIA/PA Request |
| January 26, 2006 | Director NGA | FOIA/PA Request |
| January 30, 2006 | Director NGA | FOIA/PA Request |
| February 9, 2006 | Dan Heily | NGA Acknowledgment of January 25, 26 and 30th FOIA/PA Requests |
| February 9, 2006 | Director NGA | FOIA/PA Request |
| February 12, 2006 | Director NGA | FOIA/PA Request |
| February 15, 2006 | Director NGA | FOIA/PA Request |
| February 15, 2006 | Director NGA | Dan Heily response to NGA letter of February 9, 2006 indicating willingness to pay |
| February 15, 2006 | Dan Heily | Acknowledgment of February 9, 2006 FOIA/PA and request for willingness to pay fees |
| February 15, 2006 | Dan Heily | Acknowledgment of February 12, 2006 FOIA/PA and request for willingness to pay fees |
| February 20, 2006 | Director NGA | FOIA/PA Request |
| February 26, 2006 | Director NGA | Willingness to pay fees letter in response to NGA letter dated 2/15/2006 |
| July 24, 2006 | Director NGA | FOIA/PA Request |
| October 12, 2006 | DoD IG | Complaint to DoD IG about lack of FOIA/PA response |
| December 21, 2006 | Dan Heily | Response to Dan Heily's complaint to DoD IG about lack of FOIA/PA response |
| January 5, 2007 | Director NGA | FOIA/PA Appeal |
| January 5, 2007 | Director NGA | FOIA/PA Appeal of the January 25, 26,& 30, 2006; February 9, 12, 15, & 20, 2006; and July 24, 2006 requests |
| January 22, 2007 | DoD IG | FOIA/PA Request delivered in the body of an email |
| January 22, 2007 | Director NGA | FOIA/PA Request |
| January 24, 2007 | Director NGA | FOIA/PA Request |
| January 25, 2007 | Director NGA | FOIA/PA Request |
| January 25, 2007 | Dan Heily | Acknowledgment of receipt of DoD IG FOIA/PA |
| January 29, 2007 | Director NGA | Entreaty to Director NGA that FOIA/PA is being ignored |
| February 7, 2007 | Dan Heily | Denial of DoD IG FOIA/PA |
| February 9, 2007 | DoD IG | FOIA/PA Appeal |
| February 20, 2007 | Dan Heily | Acknowledgment of receipt of DoD IG FOIA/PA |
| March 2, 2007 | the US DOJ | FOIA/PA Request |
| March 22, 2007 | Senate and House Intel C. with cc to SECDEF & D/NGA | Report to Congress |
| March 23, 2007 | Director NGA | Second entreaty to Director NGA that FOIA/PA is being ignored |

DAN HEILY
9412 BRIAN JAC COURT
GREAT FALLS, VIRGINIA 22066
JANUARY 25, 2006

Lt Gen James R. Clapper Jr., USAF (Ret.)
c/o Office of the General Counsel,
National Geospatial-Intelligence Agency
Attn: GCP, Mail Stop D-10
4600 Sangamore Road, Bethesda, MD, 20816          Sent via email:  FOIANGA@nga.mil

Subject:     Freedom of Information Act Requests and
             Privacy Act Requests

Honorable Sir;

        Under the Freedom of Information Act and the Privacy Act, I request the following
documents:

| # | Scope | Request |
|---|-------|---------|
| 1 | On December 21, 2005, a Letter of Reprimand was issued to me under NGA Instruction 1455.1 (it was issued under R2 even though R3 was more current)<br><br>Paragraph (7)(e) states *"Before issuing a letter of reprimand, the supervisor ensures that the action is fully justified by conducting a through investigation to determine and **document** relevant facts."* (emphasis added) | All records that document "relevant facts" that were created to satisfy NI 1455.1R2 or NI 1455.1R3. |
| 2 | Regarding the creation, coordination, notification, delivery or consultation of the December 21, 2005, of Letter of Reprimand that was issued to me. | All emails and other public records that document the creation, coordination, notification, delivery or consultation of the December 21, 2005 Letter of Reprimand. |
| 3 | December 21 Letter of Reprimand issued to me. | All emails and other public records that reference the Reprimand after it was delivered to me on December 21, 2005 |

In order to help to determine to assess fees, you should know that I am an individual seeking information for personal use and not for a commercial use.

I request a waiver of all fees for this request. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in my commercial interest.

The law gives you twenty work days to comply. I look forward to your response.

Very truly yours,

Dan Heily

Dan Heily

DAN HEILY
9412 BRIAN JAC COURT
GREAT FALLS, VIRGINIA 22066
JANUARY 26, 2006

Lt Gen James R. Clapper Jr., USAF (Ret.)
c/o Office of the General Counsel,
National Geospatial-Intelligence Agency
Attn: GCP, Mail Stop D-10
4600 Sangamore Road, Bethesda, MD, 20816          Sent via email: FOIANGA@nga.mil

Subject:       Freedom of Information Act Requests and
               Privacy Act Requests

Honorable Sir;

        Under the Freedom of Information Act and the Privacy Act, I request the following public records including emails regarding a memo from Edward Watts, Jr to Winston Beauchamp dated January 13, 2006 with the subject: Final Decision Concerning the Formal Appeal of the FY 05 Performance Apprisal and Promotion Recommendation of Mr. Dan Heily.

        1. All emails and other public records sent to Mr. Watts that tasked Mr. Watts to create the memo.

        2. All emails and other public records provided to Mr. Watts in support of the creation of the memo at issue.

        3. All emails and other public records sent by Mr. Watts in support of his creation of the memo at issue.

        In order to help to determine to assess fees, you should know that I am an individual seeking information for personal use and not for a commercial use.

        I request a waiver of all fees for this request. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in my commercial interest.

        The law gives you twenty work days to comply. I look forward to your response.

Very truly yours,

*Dan Heily*

Dan Heily

DAN HEILY
9412 BRIAN JAC COURT
GREAT FALLS, VIRGINIA 22066
JANUARY 30, 2006

Lt Gen James R. Clapper Jr., USAF (Ret.)
c/o Office of the General Counsel,
National Geospatial-Intelligence Agency
Attn: GCP, Mail Stop D-10
4600 Sangamore Road, Bethesda, MD, 20816          Sent via email:  FOIANGA@nga.mil

Subject:        Freedom of Information Act Requests and
                Privacy Act Requests

Honorable Sir;

        Under the Freedom of Information Act and the Privacy Act, I request the documents
described on the next page.

        In order to help to determine to assess fees, you should know that I am an individual
seeking information for personal use and not for a commercial use.

        I request a waiver of all fees for this request.  Disclosure of the requested information to
me is in the public interest because it is likely to contribute significantly to public understanding
of the operations or activities of the government and is not primarily in my commercial interest.
I intend to publish an explanation of how the government achieves the legal requirement of
treating everyone equally.

        The law gives you twenty work days to comply.  I look forward to your response.

Very truly yours,

*Dan Heily*

Dan Heily

January 30, 2006 Information Requests

1.   The TPC Spreadsheets described on page 7 of NGA Instruction 1416.2R7 that include my name for the FY03 evaluation cycle.

2.   The TPC Spreadsheets described on page 7 of NGA Instruction 1416.2R7 that include my name for the FY04 evaluation cycle.

3.   The TPC Spreadsheets described on page 7 of NGA Instruction 1416.2R7 that include my name for the FY05 evaluation cycle.

4.   Every "Rater Profile Report" described in the <u>Reviewing Official Guidelines</u> that rated me in FY03. I understand that the names and ID's of other employees must be removed. However, I believe the law entitles me to the remaining data (TWR, Overall Rating and payband and department ID).

5.   Every "Rater Profile Report" described in the <u>Reviewing Official Guidelines</u> that rated me in FY04. I understand that the names and ID's of other employees must be removed. However, I believe the law entitles me to the remaining data (TWR, Overall Rating and payband and department ID).

6.   Every "Rater Profile Report" described in the <u>Reviewing Official Guidelines</u> that rated me in FY05. I understand that the names and ID's of other employees must be removed. However, I believe the law entitles me to the remaining data (TWR, Overall Rating and payband and department ID).



# NATIONAL GEOSPATIAL-INTELLIGENCE AGENCY
### 4600 Sangamore Road
### Bethesda, Maryland 20816-5003

OGCA-20060059

0 9 FEB 2006

Mr. Dan Heily
9412 Brian Jac Court
Great Falls, VA 22066

RE:  Freedom of Information Act (FOIA) Request 20060059F

Dear Mr. Heily:

This letter acknowledges receipt of your Freedom of Information Act (FOIA) requests sent electronically to the National Geospatial-Intelligence Agency (NGA), received in this office between the dates of January 25-30, 2006.  The number listed above has been assigned to identify your FOIA request.  If you need to contact us, please use this number to assist us in responding.  Our telephone number is (301) 227-5619 or 3102, and our fax number is (301) 227-2035.

You are requesting "all records that document relevant facts to satisfy NI 1455.1R2 or NI 1455.1R3, correspondence that resulted in the creation of you December 21, 2005 Letter of Reprimand, correspondence resulting after the development of your December Letter of Reprimand, correspondence sent to Mr. Watts in relation to the Letter of Reprimand, and TPC spreadsheets for FY03, FY04 and FY05 evaluation cycle that included your name; as well as Rater Profile Reports for FY03, FY04, and FY05."

Because NGA has a significant number of pending FOIA requests that prevents a response determination from being made within the 20 workdays, we have instituted multi-track processing of FOIA requests.  Based on the information you have provided, we have determined that your request should be placed in the complex track.  Processing this request will require us to consult other elements and we must coordinate our response with several offices.

Based on the information provided in your request, we have determined your fee category as **other**.  You did not indicate your willingness to pay fees for the processing of this request. Under the **other** fee category you are entitled to the first two hours of search time, and the first one hundred pages of duplication without charge.



OGCA-20060059

SUBJECT: Freedom of Information Act (FOIA) Request 20060059F

Please provide your agreement to pay the fees involved.  If we have not heard from you within 30 calendar days, we will assume you have withdrawn your request and your file will be closed.

Sincerely,

*Zsatique L. Ferrell*

ZSATIQUE L. FERRELL
FOIA Specialist
Administrative Law & Litigation

DAN HEILY
9412 BRIAN JAC COURT
GREAT FALLS, VIRGINIA 22066
FEBRUARY 9, 2006

Lt Gen James R. Clapper Jr., USAF (Ret.)
c/o Office of the General Counsel,
National Geospatial-Intelligence Agency
Attn: GCP, Mail Stop D-10
4600 Sangamore Road, Bethesda, MD, 20816    Sent via email: FOIANGA@nga.mil

Subject:    Freedom of Information Act Requests and
            Privacy Act Requests

Honorable Sir;

Under the Freedom of Information Act and the Privacy Act, I request the following public records including emails regarding a Letter of Reprimand issued to me by Mr. Larry Stephens on December 21, 2005.

1. All emails and other public records sent by Mr. Stephens relating in any way to the Letter of Reprimand.

2. All emails and other public records received by Mr. Stephens relating in any way to the Letter of Reprimand.

3. All emails and other public records sent by Chip Shand relating in any way to the Letter of Reprimand.

4. All emails and other public records received by Chip Shand relating in any way to the Letter of Reprimand.

5. All emails and other public records sent by Ms. Michele Motsko relating in any way to the Letter of Reprimand.

6. All emails and other public records received by Ms. Michele Motsko relating in any way to the Letter of Reprimand.

7. All emails and other public records sent by Mr. Winston Beauchamp relating in any way to the Letter of Reprimand.

8. All emails and other public records received by Mr. Winston Beauchamp relating in any way to the Letter of Reprimand.

In order to help to determine to assess fees, you should know that I am an individual

seeking information for personal use and not for a commercial use.

I request a waiver of all fees for this request. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in my commercial interest.

The law gives you twenty work days to comply. I look forward to your response.

Very truly yours,

Dan Heily

Dan Heily

DAN HEILY
9412 BRIAN JAC COURT
GREAT FALLS, VIRGINIA 22066
FEBRUARY 12, 2006

Lt Gen James R. Clapper Jr., USAF (Ret.)
c/o Office of the General Counsel,
National Geospatial-Intelligence Agency
Attn: GCP, Mail Stop D-10
4600 Sangamore Road, Bethesda, MD, 20816          Sent via email: FOIANGA@nga.mil

Subject:     Freedom of Information Act Requests and
             Privacy Act Requests

Honorable Sir;

    Under the Freedom of Information Act and the Privacy Act, I request the emails enumerated below , which are public records.

    Whereas 5 U.S.C. requires *"In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format. "* I hereby request that the form of the response be in native Microsoft Outlook format.

    1. All emails on your unclassified network that have been designated For Official Use Only (FOUO) that were sent to me during the period of October 1, 2005 through February 12, 2006.

    2. All emails on your unclassified network that have been designated FOUO that were received by me during the period of October 1, 2005 through February 12, 2006.

    3. All **unclassified** emails on NGA Net that have been designated **FOUO** that were sent to me during the period of October 1, 2005 through February 12, 2006.

    4. All **unclassified** emails on NGA Net that have been designated **FOUO** that were received by me during the period of October 1, 2005 through February 12, 2006.

    5. All emails on your unclassified network that have been designated For Official Use Only (FOUO) that were sent by your employee Larry Stephens during the period of October 1, 2005 through February 12, 2006.

6. All emails on your unclassified network that have been designated FOUO that were received by your employee Larry Stephens during the period of October 1, 2005 through February 12, 2006.

7. All **unclassified** emails on NGA Net that have been designated **FOUO** that were sent by your employee Larry Stephens during the period of October 1, 2005 through February 12, 2006.

8. All **unclassified** emails on NGA Net that have been designated **FOUO** that were received by your employee Larry Stephens during the period of October 1, 2005 through February 12, 2006.

9. On November 22, 2005, Mr. David Scopp provided two responses to my Informal of my FY05 Performance Appraisal in hardcopy form. I hereby request softcopy versions of both responses.

10. On November 29, 2005, Mr. David Scopp provided a response to my Informal Appeal of my FY05 Promotion Recommendation. I hereby request a softcopy version of that response.

In order to help to determine to assess fees, you should know that I am an individual seeking information for personal use and not for a commercial use.

I request a waiver of all fees for this request. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in my commercial interest.

The law gives you twenty work days to comply. I look forward to your response.


Very truly yours,

*Dan Heily*

Dan Heily

DAN HEILY
9412 BRIAN JAC COURT
GREAT FALLS, VIRGINIA 22066
FEBRUARY 15, 2006


Lt Gen James R. Clapper Jr., USAF (Ret.)
c/o Office of the General Counsel,
National Geospatial-Intelligence Agency
Attn: GCP, Mail Stop D-10
4600 Sangamore Road, Bethesda, MD, 20816      Sent via email:  FOIANGA@nga.mil


Subject:      Freedom of Information Act Requests and
              Privacy Act Requests

Honorable Sir;

        Under the Freedom of Information Act and the Privacy Act, I request the documents described in the attachment.

        In order to help to determine to assess fees, you should know that I am an individual seeking information for personal use and not for a commercial use.

        I request a waiver of all fees for this request.  Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in my commercial interest. I intend to publish an explanation of how the government achieves the legal requirement of treating everyone equally.

        The law gives you twenty work days to comply.  I look forward to your response.

Very truly yours,

Dan Heily

Dan Heily

1.  The following data associated with the external hiring action that resulted in the hiring of Barry Barlow:

    a)  The Position Description for the position filled by Barry Barlow along with any attachments.

    b)  The resume and all other documents submitted by Barry Barlow.

    c)  The Vacancy Announcements for the position that was filled by Barry Barlow.

    d)  If Barry Barlow was a "Direct-to-public hire without competition" then please provide the signed justification with attachments.

2.  The following data associated with the external hiring action that resulted in the hiring of Lynn M. Dawson:

    a)  The Position Description for the position filled by Lynn M. Dawson along with any attachments.

    b)  The resume and all other documents submitted by Lynn M. Dawson.

    c)  The Vacancy Announcements for the position that was filled by Lynn M. Dawson.

    d)  If Lynn M. Dawson was a "Direct-to-public hire without competition" then please provide the signed justification with attachments.

3.  The following data associated with the external hiring action that resulted in the hiring of Douglas Goolsby:

    a)  The Position Description for the position filled by Douglas Goolsby along with any attachments.

    b)  The resume and all other documents submitted by Douglas Goolsby.

    c)  The Vacancy Announcements for the position that was filled by Douglas Goolsby.

    d)  If Douglas Goolsby was a "Direct-to-public hire without competition" then please provide the signed justification with attachments.

4.   The following data associated with the external hiring action that resulted in the hiring of Joan L. Harchelroad:

   a)   The Position Description for the position filled by Joan L. Harchelroad along with any attachments.

   b)   The resume and all other documents submitted by Joan L. Harchelroad.

   c)   The Vacancy Announcements for the position that was filled by Joan L. Harchelroad.

   d)   If Joan L. Harchelroad was a "Direct-to-public hire without competition" then please provide the signed justification with attachments.

5.   The following data associated with the external hiring action that resulted in the hiring of Alan Higgins:

   a)   The Position Description for the position filled by Alan Higgins along with any attachments.

   b)   The resume and all other documents submitted by Alan Higgins.

   c)   The Vacancy Announcements for the position that was filled by Alan Higgins.

   d)   If Alan Higgins was a "Direct-to-public hire without competition" then please provide the signed justification with attachments.

6.   The following data associated with the external hiring action that resulted in the hiring of Jennifer A. Hurt:

   a)   The Position Description for the position filled by  Jennifer A. Hurt along with any attachments.

   b)   The resume and all other documents submitted by  Jennifer A. Hurt.

   c)   The Vacancy Announcements for the position that was filled by  Jennifer A. Hurt.

   d)   If  Jennifer A. Hurt was a "Direct-to-public hire without competition" then please provide the signed justification with attachments.

7.    The following data associated with the external hiring action that resulted in the hiring of Evangelo Karagiorgis:

   a)    The Position Description for the position filled by Evangelo Karagiorgis along with any attachments.

   b)    The resume and all other documents submitted by Evangelo Karagiorgis.

   c)    The Vacancy Announcements for the position that was filled by Evangelo Karagiorgis.

   d)    If Evangelo Karagiorgis was a "Direct-to-public hire without competition" then please provide the signed justification with attachments.

8.    The following data associated with the external hiring action that resulted in the hiring of Brian T. Kelley:

   a)    The Position Description for the position filled by Brian T. Kelley along with any attachments.

   b)    The resume and all other documents submitted by Brian T. Kelley.

   c)    The Vacancy Announcements for the position that was filled by Brian T. Kelley.

   d)    If Brian T. Kelley was a "Direct-to-public hire without competition" then please provide the signed justification with attachments.

9.    The following data associated with the external hiring action that resulted in the hiring of Laurie J. Litton nee Kelty:

   a)    The Position Description for the position filled by Laurie J. Litton nee Kelty along with any attachments.

   b)    The resume and all other documents submitted by Laurie J. Litton nee Kelty.

   c)    The Vacancy Announcements for the position that was filled by Laurie J. Litton nee Kelty.

   d)    If Laurie J. Litton nee Kelty was a "Direct-to-public hire without competition" then please provide the signed justification with attachments.

10.   The following data associated with the external hiring action that resulted in the hiring of Douglas McGovern:

   a)   The Position Description for the position filled by Douglas McGovern along with any attachments.

   b)   The resume and all other documents submitted by Douglas McGovern.

   c)   The Vacancy Announcements for the position that was filled by Douglas McGovern.

   d)   If Douglas McGovern was a "Direct-to-public hire without competition" then please provide the signed justification with attachments.

11.   The following data associated with the external hiring action that resulted in the hiring of Adrienne H. Provines:

   a)   The Position Description for the position filled by Adrienne H. Provines along with any attachments.

   b)   The resume and all other documents submitted by Adrienne H. Provines.

   c)   The Vacancy Announcements for the position that was filled by Adrienne H. Provines.

   d)   If Adrienne H. Provines was a "Direct-to-public hire without competition" then please provide the signed justification with attachments.

12.   The following data associated with the external hiring action that resulted in the hiring of Maureen Pryor.:

   a)   The Position Description for the position filled by Maureen Pryor. along with any attachments.

   b)   The resume and all other documents submitted by Maureen Pryor..

   c)   The Vacancy Announcements for the position that was filled by Maureen Pryor..

   d)   If Maureen Pryor. was a "Direct-to-public hire without competition" then please provide the signed justification with attachments.

DAN HEILY
9412 BRIAN JAC COURT
GREAT FALLS, VIRGINIA 22066
FEBRUARY 15, 2006

Lt Gen James R. Clapper Jr., USAF (Ret.)
c/o Office of the General Counsel,
National Geospatial-Intelligence Agency
Attn: GCP, Mail Stop D-10
4600 Sangamore Road, Bethesda, MD, 20816

Sent via email: FOIANGA@nga.mil

Subject:      Freedom of Information Act Requests and
              Privacy Act Requests

Reference     (A) FOIA Request **2060059F**
              (B) Letter from you dated February 9, 2006 (attached)

Honorable Sir;

In response to your Reference B letter be advised that I am very willing to pay fees even though will be paying under protest.

I do object to the merging of the requests. The result of which, causes you to place the merged request on the "complex track". It is only complex because you have chosen to merge them.

Also be advised that if I do not receive a complete response within the statutory time limit of 20 work days, I shall consider my administrative remedies exhausted and act accordingly.

Very truly yours,

*Dan Heily*

Dan Heily



## NATIONAL GEOSPATIAL-INTELLIGENCE AGENCY
4600 Sangamore Road
Bethesda, Maryland 20816-5003

OGCA-20060069                                                    1 5 FEB 2006

Mr. Dan Heily
9412 Brian Jac Court
Great Falls, VA 22066

   RE:  Freedom of Information Act (FOIA) Request 20060069F

Dear Mr. Heily:

This letter acknowledges receipt of your Freedom of Information Act
(FOIA) request dated February 09, 2006, sent electronically to the
National Geospatial-Intelligence Agency (NGA). The number listed above
has been assigned to identify your FOIA request. If you need to
contact us, please use this number to assist us in responding. Our
telephone number is (301) 227-5619 or 3102, and our fax number is
(301) 227-2035.

Please see the enclosed copy of your February 09, 2006 FOIA request
letter for the documents that you are requesting.

Because NGA has a significant number of pending FOIA requests that
prevents a response determination from being made within the 20
workdays, we have instituted multi-track processing of FOIA requests.
Based on the information you have provided, we have determined that
your request should be placed in the complex track. Processing this
request will require us to consult other elements and we must
coordinate our response with several offices.

Based on the information provided in your request, we have determined
your fee category as **other**. You did not indicate your willingness to
pay fees for the processing of this request. Under the **other** fee
category, you are entitled to the first two hours of search time, and
the first one hundred pages of duplication without charge. Please
provide your agreement to pay the fees involved. If we have not heard
from you within 30 calendar days, we will assume you have withdrawn
your request and your file will be closed.

                              Sincerely,

                              SATIQUE L. FERRELL
                              FOIA Specialist
                              Administrative Law & Litigation Team



# NATIONAL GEOSPATIAL-INTELLIGENCE AGENCY
4800 Sangamore Road
Bethesda, Maryland 20816-5003

**1 5 FEB 2006**

OGCA-20060070

Mr. Dan Heily
9412 Brian Jac Court
Great Falls, VA 22066

RE: Freedom of Information Act (FOIA) Request 20060070F

Dear Mr. Heily:

This letter acknowledges receipt of your Freedom of Information Act
(FOIA) request dated February 12, 2006, sent electronically to the
National Geospatial-Intelligence Agency (NGA), received in this office
on February 13, 2006. The number listed above has been assigned to
identify your FOIA request. If you need to contact us, please use
this number to assist us in responding. Our telephone number is (301)
227-5619 or 3102, and our fax number is (301) 227-2035.

Please see the enclosed copy of your February 12, 2006 FOIA request
letter for the documents that you are requesting.

Because NGA has a significant number of pending FOIA requests that
prevents a response determination from being made within the 20
workdays, we have instituted multi-track processing of FOIA requests.
Based on the information you have provided, we have determined that
your request should be placed in the complex track. Processing this
request will require us to consult other elements and we must
coordinate our response with several offices.

Based on the information provided in your request, we have determined
your fee category as **other**. You did not indicate your willingness to
pay fees for the processing of this request. Under the **other** fee
category, you are entitled to the first two hours of search time, and
the first one hundred pages of duplication without charge. Please
provide your agreement to pay the fees involved. If we have not heard
from you within 30 calendar days, we will assume you have withdrawn
your request and your file will be closed.

Sincerely,

ZSATIQUE L. FERRELL
FOIA Specialist
Administrative Law & Litigation Team

DAN HEILY
9412 BRIAN JAC COURT
GREAT FALLS, VIRGINIA 22066
FEBRUARY 20, 2006

Lt Gen James R. Clapper Jr., USAF (Ret.)
c/o Office of the General Counsel,
National Geospatial-Intelligence Agency
Attn: GCP, Mail Stop D-10
4600 Sangamore Road, Bethesda, MD, 20816    Sent via email: FOIANGA@nga.mil

Subject:    Freedom of Information Act Requests and
            Privacy Act Requests

Honorable Sir;

Under the Freedom of Information Act and the Privacy Act, I request the following:

1.    U.S. Code 10 U.S.C., Defense Acquisition Workforce Acquisition (DAWIA) Corps has provisions for exempting *"...who, on October 1, 1991, has at least 10 years of experience in acquisition positions or in comparable positions in other government agencies or the private sector."* Per regulation, the exemption is associated with each position that an individual holds.

    a)    Please provide the materials submitted by David Scopp for his most recent two DAWIA exemptions that he has requested.

    b)    Please provide public documents that document the decisions that granted or disapproved of the most two DAWIA exemption applications by David Scopp.

2.    Please provide the definitive and authoritative guidance used by NGA to mark public documents "For Official Use Only."

In order to help to determine to assess fees, you should know that I am an individual seeking information for personal use and not for a commercial use.

I request a waiver of all fees for this request, but am willing to pay them if required. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in my commercial interest. I intend to publish an explanation of how the government achieves the legal requirement of treating everyone equally.

The law gives you twenty work days to comply. I look forward to your response.

Very truly yours,

Dan Heily

Dan Heily

DAN HEILY
9412 BRIAN JAC COURT
GREAT FALLS, VIRGINIA 22066
FEBRUARY 26, 2006

Lt Gen James R. Clapper Jr., USAF (Ret.)
c/o Office of the General Counsel,
National Geospatial-Intelligence Agency
Attn: GCP, Mail Stop D-10
4600 Sangamore Road, Bethesda, MD, 20816          Sent via email: FOIANGA@nga.mil

Subject:        Freedom of Information Act Requests and
                Privacy Act Requests

Reference       (A) FOIA Request **2060069F**
                (B) Letter from you dated February15, 2006 (attached)
                (C) FOIA Request **2060070F**
                (D) Letter from you dated February15, 2006 (attached)

Honorable Sir;

In response to your Reference B and D letters, be advised that I am very willing to pay fees even though will be paying under protest.

Be advised that if I do not receive a complete response within the statutory time limit of 20 work days, I shall consider my administrative remedies exhausted and act accordingly.

Very truly yours,

*Dan Heily*

Dan Heily

DAN HEILY
9412 BRIAN JAC COURT
GREAT FALLS, VIRGINIA 22066
JULY 24, 2006

Vice Adm. Robert B. Murrett, Director
National Geospatial-Intelligence Agency
c/o Office of the General Counsel,
Attn: GCP, Mail Stop D-10
4600 Sangamore Road, Bethesda, MD, 20816          Sent via email: FOIANGA@nga.mil

Subject:      Privacy Act Requests

Honorable Sir;

      Under the Privacy Act, I request the following:

1.    A declassified copy of an email on NGANet sent to me by Larry Stephens on December 13, 2005 at 8:32 AM subject: "Trying to Address Concerns of Retaliation, Hostile Work Environment, and Micro-Management".

2.    A March 14, 2006 in an SBU email to me from Mr. Larry Stephens, stated *"At this meeting you will be provided a WARNING OF UNSATISFACTORY PERFORMANCE and a PERFORMANCE IMPROVEMENT PLAN "* You are requested to provide a copy of the Warning of Unsatisfactory Performance.

3.    A March 14, 2006 in an SBU email to me from Mr. Larry Stephens, stated "At this meeting you will be provided a WARNING OF UNSATISFACTORY PERFORMANCE and a PERFORMANCE IMPROVEMENT PLAN " You are requested to provide a copy of the Performance Improvement Plan.

4.    A copy of my final Performance Appraisal and any other assessment documentation associated with the end of my employment at NGA.

      In order to help to determine to assess fees, you should know that I am an individual seeking information for personal use and not for a commercial use.

      I request a waiver of all fees for this request, but am willing to pay them if required. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in my commercial interest. I intend to publish an explanation of how the government achieves the legal requirement of treating everyone equally.

      The law gives you twenty work days to comply. I look forward to your response.

Very truly yours,

*Dan Heily*

Dan Heily

UNCLASSIFIED//FOR OFFICIAL USE ONLY



**NATIONAL GEOSPATIAL-INTELLIGENCE AGENCY**
4600 Sangamore Road
Bethesda, Maryland 20816-5003

U-324-06/OIG

DEC 2 1 2006

Mr. Daniel J. Heily
9412 Brian Jac Court
Great Falls, VA 22066

Dear Mr. Heily:

The Office of Inspector General (OIG) has reviewed the issues you raised to the OIG on 12 October 2006, supplementing your original complaint lodged with the Department of Defense OIG in January 2006. Our review determined no further OIG action was warranted on those issues, for the reasons described below.

<u>Issue: Friends Hiring Friends</u>. We determined no OIG action was required on this matter because you raised it in an untimely manner. Each of the Direct Hire employees was hired at least 18 months, and some more than three years, before you raised this issue to OIG. We also found that the two primary persons named in your complaint were performing in a highly competent manner. Further, NI 1405.2R3, NGA Instruction for External Hiring (Appointments), dated 18 February 2004, at Appendix 3, specifically states, "…direct-to-public hire is used only to meet a mission-critical need." Determining and justifying a mission-critical need is a management determination.

<u>Issue: Marilyn Conrad's Misrepresentations to a Federal Investigator</u>. We determined that the statements by Ms. Conrad that you alleged to be false were made on 28 September 2001. We find you are untimely in raising this issue. We also note that the statute of limitations for non-capital offenses, as reflected in title 18, United States Code, Section 3282 (18 U.S.C. §3282), is five years. Thus, <u>if</u> the cited statements by Ms. Conrad rose to the level of a criminal violation, the statute of limitations has expired. Based on the foregoing, referral of this issue for criminal investigation is not warranted.

**This is a National Geospatial-Intelligence Agency (NGA) Office of Inspector General (OIG) document. It contains information that may be protected by the Privacy Act and/or Freedom of Information Act. Recipients of this document may not further release it or its contents to anyone not having an official need to know, without the express consent of the NGA Inspector General or the Director, NGA.**

**UNCLASSIFIED//FOR OFFICIAL USE ONLY**



UNCLASSIFIED//FOR OFFICIAL USE ONLY

U-324-06/OIG

Issue: Failure to Respond to FOIA and Privacy Act Requests.  We determined that this is not a matter for OIG action.  There is evidence that the NGA Office of General Counsel (OGC) has acknowledged receipt of your requests, and asked that you respond regarding willingness to pay certain fees.  We recommend that you contact the OGC FOIA Liaison Officer directly to raise your concerns, and determine the status of your requests.  Alternatively, you may seek recourse pursuant to the statute.

Issue: Failure to Pursue Allegations of Discrimination.  We contacted the NGA Office of Diversity Management and Equal Employment (ODE).  They confirmed you submitted a complaint. However, ODE determined the complaint lacked sufficient information for them to act upon.  As a result, ODE representatives reportedly attempted to contact you for additional information.  According to ODE, staff members left voice mail messages for you, but received no response, and took no further action.  If you wish to pursue an age-, or race-based discrimination complaint, you must either re-contact ODE, or use other Equal Employment Opportunity (EEO) avenues.  The OIG does not investigate such discrimination complaints.

The remainder of the issues you raised are related to (and will be addressed during the course of) our investigation of your complaint to the DoD IG.  You will be advised of the outcome upon completion.

Thank you for raising your concerns.

Sincerely,

PETER S. USOWSKI
Inspector General

2

)                                    )

DAN HEILY
9412 BRIAN JAC COURT
GREAT FALLS, VIRGINIA 22066
JANUARY 5, 2007

Vice Adm. Robert B. Murrett, Director
National Geospatial-Intelligence Agency
c/o Office of the General Counsel,
Attn: GCP, Mail Stop D-10
4600 Sangamore Road, Bethesda, MD, 20816     Sent via email:  FOIANGA@nga.mil

Subject:     Privacy Act and FOIA Amendment and Appeal

Honorable Sir;

You were sent a FOIA and/or Privacy act requests on the following dates:

        a. January 25, 2006
        b. January 26, 2006
        c. January 30, 2006
        d. February 9, 2006
        e. February 12, 2006
        f. February 15, 2006
        g. February 20, 2006
        h. July 24, 2006

Those requests are included in Exhibit A, and both your and my supplemental correspondence are included in Exhibit B.

I believe that the fees should be waived because each request indicated that the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in my commercial interest.

Please consider the requests enumerated above to include reporting to the Permanent Select Committee on Intelligence of the House of Representatives, the Select Committee on Intelligence of the Senate, and the President's Council on Integrity and Efficiency.  Again, this in not in my commercial interest and clearly will be used for public purposes.

Consequently, I am appealing:

1)     The lack of response on all of my FOIA's above.  In fact, not a single piece of datum has been provided; and

2)     The lack of a fee waiver for the reasons discussed in each FOIA request and also in the paragraphs above.

I look forward to your reply.

Very truly yours,

*Dan Heily*

Dan Heily

# Exhibit A

FOIA and/or Privacy Requests

January 25, 2006

January 26, 2006

January 30, 2006

February 9, 2006

February 12, 2006

February 15, 2006

February 20, 2006

July 24, 2006

)                              DAN HEILY                    (      )
                          9412 BRIAN JAC COURT
                      GREAT FALLS, VIRGINIA 22066
                            JANUARY 5, 2007

Vice Adm. Robert B. Murrett, Director
National Geospatial-Intelligence Agency
c/o Office of the General Counsel,
Attn: GCP, Mail Stop D-10
4600 Sangamore Road, Bethesda, MD, 20816        Sent via email: FOIANGA@nga.mil


Subject:      Privacy Act and Freedom of Information Act Requests

Honorable Sir;

          Under the Privacy Act and Freedom of Information Act, I request the following:

BACKGROUND:  I am a former NGA employee who retired on July 3, 2006.  In my last year at
NGA, one of my assignments from my Branch Chief, Larry Stephens, Chief of AEDD, was to
generate a set of "Use Cases" to describe how the data aspects of the Systems Engineering
Process should be implemented.  That process is described the "Systems Engineering V" which
is in the poessession of Mr. Stephens, and also in Appendix C of the IG Complaint from me
dated January 24, 2006 and in the possession of the NGA IG.

1.    REQUEST:  All documents describing "Use Cases" to implement the "Systems
      Engineering V" that were created any other person than myself.  In other words, the work
      product of the person(s) that succeeded me on the Use Case Task.

2.    On October 12, 2006, I met with Kathryn E. Filipovich who is an investigator with the
      NGA Office of the Inspector General.  That meeting was tape recorded.  You are
      requested to provide a copy of that tape recording.  You are also requested to provide a
      written transcription if one was created.

3.    On January 24, 2006, I submitted a complaint to the DoD Inspector General.  That
      Complaint was updated on October 12, 2006.  Portions of that complaint were assigned
      to the DoD IG. You are requested to provide a copy of that tape recording of all persons
      interviewed in the investigation of that Complaint (and Update).  You are also requested
      to provide a written transcription if one was created.

4.    The most recent Statement of Work for the GeoScout Contract that is currently in force.

5.    All emails sent to or from Larry Stephens on the SBU network for the period October 1,
      2005 through September 30, 2006 that contain any of the following words in the subject
      line or body of the message:  dan or heily or "use case".

6.    All emails sent to or from Larry Stephens on NGANet network for the period October 1,
      2005 through September 30, 2006 that contain any of the following words or phrase in
      the subject line or body of the message:  dan or heily or "use case".

7.    The Statement of Work that was issued with the GeoScout Request for Proposal.

8.    The most recent Statement of Work for the GeoScout Contract that is currently in force.

9.   The Statement of ⌐⌐⌐rk that was issued with the Enterprise E⌐ ⌐eering Request for Proposal.

10.  The most recent Statement of Work for the Enterprise Engineering Contract that is currently in force.

In order to help to determine to assess fees, you should know that I am an individual seeking information for personal use and not for a commercial use.

I request a waiver of all fees for this request, but am willing to pay them if required. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in my commercial interest. I intend to publish an explanation of how the government achieves the legal requirement of treating everyone equally. I further intend to utilize this information in reporting to the Permanent Select Committee on Intelligence of the House of Representatives, the Select Committee on Intelligence of the Senate, and the President's Council on Integrity and Efficiency.

The law gives you twenty work days to comply. I look forward to your response.

Very truly yours,

*Dan Heily*

Dan Heily

-----Original Message-----
From: FOIA Request System [mailto:nobody@dtic.mil]
Sent: Monday, January 22, 2007 3:29 PM
To: dan@heily.com
Subject: Freedom of Information Act Request Confirmation

*** THIS IS AN AUTOMATED MESSAGE.  DO NOT REPLY. ***

This is your confirmation that we have received your FOIA request.  Please note that it will be date-stamped as "received" on the next official business day.

You provided the following information:

Submitted:    [22/Jan/2007:15:29:07]
Name:      Dan Heily
Organization:
Phone number: 703-759-3013
E-mail:    dan@heily.com

Address 1:    9412 Brian Jac Court
Address 2:
City:      Great Falls
State:      VA
ZIP Code:    22066-2009
Country:

Your Request:

Regarding IG Hotline Complaint 98873,  please provide all Inspector General Investigative and Complaint Files associated with my IG complaint dated January 24, 2006 and updated on October 12, 2006. (except my complaint and update of which I have copies)  this includes Letters/transcriptions of complaints, allegations and queries; letters of appointment; reports of reviews, inquiries and investigations with supporting attachments, exhibits and photographs; record of interviews; witness statements; reports of legal review of case files, congressional responses; memoranda; letters and reports of findings and actions taken; letters to complainants and subjects of investigations; letters of rebuttal from subjects of investigations; finance; personnel; administration; adverse information, and technical reports.


Willing To Pay: $ 250


--
Submitted via http://www.dod.mil/pubs/foi/foiarequest.html

Sender Information:
    REMOTE_HOST: 65.206.60.105
    REMOTE_ADDR: 65.206.60.105
    Browser:    Mozilla/5.0 (Windows; U; Windows NT 5.1; en-US; rv:1.8.0.9) Gecko/20061206 Firefox/1.5.0.9
    E-mail:    dan@heily.com

DAN HEILY
9412 BRIAN JAC COURT
GREAT FALLS, VIRGINIA 22066
JANUARY 22, 2007

Vice Adm. Robert B. Murrett, Director
National Geospatial-Intelligence Agency
c/o Office of the General Counsel,
Attn: GCP, Mail Stop D-10
4600 Sangamore Road, Bethesda, MD, 20816  Sent via email: FOIANGA@nga.mil

Subject:  Freedom of Information Act Requests

Honorable Sir;

   Under the Freedom of Information Act, I request the data enumerated below. Please note that

You sent me a letter dated December 21, 2006 (received January 10, 2006) with a control number of U-324-06/OIG. That letter stated that "It contains information that may be protected by the Privacy Act and/or Freedom of Information act." I am desirous of having a version of that letter that identified all information that is restricted by law.

U.S. Code 5 U.S.C. § 552 states *inter alia* *"Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection. The amount of information deleted shall be indicated on the released portion of the record, unless including that indication would harm an interest protected by the exemption in this subsection under which the deletion is made. If technically feasible, the amount of the information deleted shall be indicated at the place in the record where such deletion is made."*

Request 1:  All reasonably segregable portions of the letter identified as U-324-06/OIG with the FOIA and Privacy Act deletions indicated.

You have identified your Inspector General Investigative and Complaint Files as containing: "Letters/transcriptions of complaints, allegations and queries; letters of appointment; reports of reviews, inquiries and investigations with supporting attachments, exhibits and photographs; record of interviews; witness statements; reports of legal review of case files, congressional responses; memoranda; letters and reports of findings and actions taken; letters to complainants and subjects of investigations; letters of rebuttal from subjects of investigations; finance; personnel; administration; adverse information, and technical reports."

Request 2:  All Inspector General Investigative and Complaint Files associated with my IG complaint dated January 24, 2006 and updated on October 12, 2006. (except my complaint and update of which I have copies)

On February 20, 2006, I made the following FOIA request: " Please provide public documents that document the decisions that granted or disapproved of the most two DAWIA exemption applications by David Scopp."

Request 3:  I amend my request *supra* to **all** the decisions that granted or disapproved DAWIA exemption applications by David Scopp and all the applications made by David Scopp for DAWIA exemption.

Request 4:     Letters/tra    riptions of complaints, allegations and q(    es; letters of appointment; reports of reviews, inquiries and investigations with supporting attachments, exhibits and photographs; record of interviews; witness statements; reports of legal review of case files, congressional responses; memoranda; letters and reports of findings and actions taken; letters to complainants and subjects of investigations; letters of rebuttal from subjects of investigations; finance; personnel; administration; adverse information, and technical reports in the possession of teh NGA Office of Diversity Management and Equal Employment (ODE). (except for copies of my January 24, 2006 and updated on October 12, 2006, which I have copies)

In order to help to determine to assess fees, you should know that I am an individual seeking information for personal use and not for a commercial use.

I request a waiver of all fees for this request, but am willing to pay them if required. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in my commercial interest. I intend to publish an explanation of how the government achieves the legal requirement of treating everyone equally. I further intend to utilize this information in reporting to the Permanent Select Committee on Intelligence of the House of Representatives, the Select Committee on Intelligence of the Senate, and the President's Council on Integrity and Efficiency.

The law gives you twenty work days to comply. I look forward to your response.

Very truly yours,

Dan Heily

Dan Heily

DAN HEILY
9412 BRIAN JAC COURT
GREAT FALLS, VIRGINIA 22066
JANUARY 24, 2007

Department of Defense Inspector General
Freedom of Information Act & Privacy Act Office
400 Army Navy Drive, Room 223
Arlington, Virginia 22202-4704

Sent via email: FOIA@dodig.osd.mil

Subject:      Freedom of Information Act Requests

Honorable Sir;

Under the Freedom of Information Act and the Privacy Act, I request the following data associated with IG Hotline Complaint 98873: all Inspector General Investigative and Complaint Files associated with my IG complaint dated January 24, 2006 and updated on October 12, 2006. (except my complaint and update of which I have copies)  this includes  Letters/transcriptions of complaints, allegations and queries; letters of appointment; reports of reviews, inquiries and investigations with supporting attachments, exhibits and photographs; record of interviews; witness statements; reports of legal review of case files, congressional responses; memoranda; letters and reports of findings and actions taken; letters to complainants and subjects of investigations; letters of rebuttal from subjects of investigations; finance; personnel; administration; adverse information, and technical reports.

In order to help to determine to assess fees, you should know that I am an individual seeking information for personal use and not for a commercial use.

I request a waiver of all fees for this request, but am willing to pay them if required. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in my commercial interest.  I intend to publish an explanation of how the government achieves the legal requirement of treating everyone equally.  I further intend to utilize this information in reporting to the Permanent Select Committee on Intelligence of the House of Representatives, the Select Committee on Intelligence of the Senate, and the President's Council on Integrity and Efficiency.

The law gives you twenty work days to comply.  I look forward to your response.

Very truly yours,

*Dan Heily*

Dan Heily

DAN HEILY
9412 BRIAN JAC COURT
GREAT FALLS, VIRGINIA 22066
JANUARY 25, 2007

Vice Adm. Robert B. Murrett, Director
National Geospatial-Intelligence Agency
c/o Office of the General Counsel,
Attn: GCP, Mail Stop D-10
4600 Sangamore Road, Bethesda, MD, 20816    Sent via email: FOIANGA@nga.mil

Subject:    Freedom of Information Act Requests

Honorable Sir;

Under the Freedom of Information Act, I request the following data:

BACKGROUND: When NGA nee NIMA went from the OPM's General Schedule of job classification to what I believe is designated as "NGA Occupational Specialty" for the Pay Banding personnel system in place at NGA.

DATA REQUEST: Please provide the description of each and every NGA Occupational Specialty (or whatever replaced the OPM GS Position Descriptions) for each band. Additionally, please provide the data that indicates the training for each, and also any promotion profiles or other guidance provided to employees and supervisors about job qualifications.

In order to help to determine to assess fees, you should know that I am an individual seeking information for personal use and not for a commercial use.

I request a waiver of all fees for this request, but am willing to pay them if required. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in my commercial interest. I intend to publish an explanation of how the government achieves the legal requirement of treating everyone equally. I further intend to utilize this information in reporting to the Permanent Select Committee on Intelligence of the House of Representatives, the Select Committee on Intelligence of the Senate, and the President's Council on Integrity and Efficiency.

The law gives you twenty work days to comply. I look forward to your response.

Very truly yours,

Dan Heily

Dan Heily



**INSPECTOR GENERAL**
DEPARTMENT OF DEFENSE
400 ARMY NAVY DRIVE
ARLINGTON, VIRGINIA 22202-4704

OCCL

JAN 2 5 2007

Mr. Dan Heily
9412 Brian Jac Court
Great Falls, VA 22066

Dear Mr. Heily:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request dated January 24, 2007 and received on January 25, 2007. You are requesting "the following data associated with IG Hotline Complaint 98873: all Inspector General Investigative and Complaint Files associated with [your] IG complaint dated January 24, 2006 and updated on October 12, 2006. (except my complaint and update of which I have copies) this includes Letters/transcriptions of complaints, allegations and queries; letters of appointment; reports of reviews, inquiries and investigations with supporting attachments, exhibits and photographs; record of interviews; witness statements; reports of legal review of case files, congressional responses; memoranda; letters and reports of findings and actions taken; letters to complainants and subjects of investigations; letters of rebuttal from subjects of investigations; finance; personnel; administration; adverse information, and technical reports."

We have a backlog of pending FOIA requests that were received prior to yours. In an attempt to afford each requester equal and impartial treatment, we have adopted a general practice of assigning requests in the order of receipt. Your FOIA request has been assigned case number 07-0090. Please mention this number in any future correspondence to this agency regarding this matter.

We will notify you of the decision on your FOIA request as soon as possible. The necessity of this delay is regretted and your continuing courtesy is appreciated. Should you have any questions regarding this matter, please contact me at (703) 604-8723 or e-mail at foia@dodig.osd.mil.

Sincerely,

Darryl R. Aaron
Chief
FOIA Requester Service Center/
Privacy Act Office

1-26-07

**From:** Dan Heily [mailto:dan@heily.com]
**Sent:** Monday, January 29, 2007 10:20
AM **To:** 'Robert.B.Murrett@NGA.MIL'
**Subject:** Notification of intent to go to Congress

Honorable Sir;

SUMMARY:

I believe that NGA's failure to adopt the recommendations of the NIMA Commission Report has led to gross mismanagement and wastage at NGA.

I will be raising the matter to Permanent Select Committee on Intelligence of the House of Representatives, the Select Committee on Intelligence of the Senate if the matters are not corrected.

My desire is to see this matter corrected instead of playing "gotchya". And am willing to brief you, your Deputy or the NGA Advisory Group (NAG). I am very comfortable with the NAG having worked for/with two of the members. I worked for Robert Kohler at the BCS Program Office, and with Virginia Dergan at the SPOEM.

To document my concerns, I have sent several FOIA requests. To date not a single one has been fulfilled. I would consider it an indication that you take this missive seriously if you would direct your staff to provide the data requested.

If I do not hear from you by COB on February 10, then I shall proceed to reporting this matter to Congress.

I heard a US Senator denouncing Dr. Stephen Cambone as being ineffective. I believe that if NGA has fully implemented the NIMA Commission recommendations that Dr. Cambone would not be considered ineffective.

DETAILS:

The purpose of this email is to share with you my intent to raise the issue of gross mismanagement at NGA to the Permanent Select Committee on Intelligence of the House of Representatives, the Select Committee on Intelligence of the Senate.

Let me introduce myself first. I worked at NGA nee NIMA from October 2002 through June 2006. I was also fortunate to be a member of two predecessors of what the NIMA Commission called the Extraordinary Program Office (EPO).

Those were the BCS Program Office and at DMA in the Special Project Office for Exploitation Modernization (SPOEM). The SPOEM was the organization that converted DMA to the digital age.

The issues I intend to raise are in the attachments. The Acquisition Directorate White Paper is both draft and incomplete. However it identifies the topics of concern.

On January 24, 2006, I submitted the attached Detailed Discrimination Complaint to raise some personnel issues (see your IG staff for the attachments). To date, no final determination has been made. In fact, your IG staff did not contact me until September of 2006.

On October 12, 2006 I submitted a Revision 1 of that Complaint (see your IG staff for the attachments). Your staff has responded and indicated that they will take no action on any of the matters raised therein.

The NIMA Commission recommended the EPO. The two similar program offices that I worked on were composed of 50-60 government personnel. I see the 750 Acquisition Directorate personnel as gross mismanagement and wastage.

The NIMA Commission recommended publishing NGA data in a net-centric fashion. The NSG being developed under EE and GeoScout is being mismanaged, and of questionable utility. When I compare the Distributed Common Ground/Surface System (DCGS) with Acquisition Directorate effort, the comparisons are stark.

a) The vision of DCGS was tractable. i.e. Define in detail what is to be procured. Put internet wrappers on those applications that are not web enabled, and integrate. From contract go-ahead to delivery of the first system was 19 months.

b) EE/GeoScout is driven by vague "capabilities". It is hidebound with "process" and demonstrated that it cannot deliver.

The NIMA Commission was concerned about the inimical effects of the good old boy/girl network. NGA has evolved a personnel system that puts maximum flexibility in the hands of the selecting official. By not having objective criteria for a hiring action, then any action can be justified.

The NIMA Commision expressed concerns about the lack of large scale system integration experience at NGA. The steps taken to achieve that experience are a sham. The belief that a an ersatz engineering course will substitute for experience is a myth being perpetuated at NGA. The Graduate System Engineering Certificate Program (GSECP) is that substitute.

The WMD Commission identified information sharing as a essential. The DCGS vision is a fantastic capability to do just that. The National Counter Terrorism Center has implemented data sharing in a net-centric environment. Attached is my 2005 Galileo submission that highlights how a geo-browser can be used to achieve data sharing.

CONCLUSION:

The inability to deliver geographic data to our troops in a time of war is disgraceful. The policies and actions at NGA are contributors to that failure.



**INSPECTOR GENERAL**
DEPARTMENT OF DEFENSE
400 ARMY NAVY DRIVE
ARLINGTON, VIRGINIA 22202-4704

OCCL

FEB - 7 2007

Mr. Dan Heily
9412 Brian Jac Court
Great Falls, VA 22066

Dear Mr. Heily:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request dated January 24, 2007. You are requesting "the following data associated with IG Hotline Complaint 98873: all Inspector General Investigative and Complaint Files associated with [your] IG complaint dated January 24, 2006 and updated on October 12, 2006. (except my complaint and update of which I have copies) this includes Letters/transcriptions of complaints, allegations and queries; letters of appointment; reports of reviews, inquiries and investigations with supporting attachments, exhibits and photographs; record of interviews; witness statements; reports of legal review of case files, congressional responses; memoranda; letters and reports of findings and actions taken; letters to complainants and subjects of investigations; letters of rebuttal from subjects of investigations; finance; personnel; administration; adverse information, and technical reports."

This office has been advised that the information you have requested is part of an open investigation. Therefore, until the investigation closes, I am unable to release any information in accordance with FOIA under exemption (b)(7)(A), the disclosure of any portion of the investigation at this time could reasonably be expected to interfere with law enforcement proceedings. We do not have a timeframe for the completion of this investigation.

You have the right to appeal this decision of withholding information from you that is responsive to your FOIA request. If you should appeal, your appeal must be in writing to the Appellate Authority:

        Mr. John R. Crane
        Assistant Inspector General
        Office of Communications and Congressional Liaison
        Room 1034
        400 Army Navy Drive
        Arlington, VA 22202-4704


2-8-07

To be considered your appeal should be postmarked no later than 60 calendar days from the date of this letter. Please give your reasons for the appeal and write "Freedom of Information Act Appeal" printed clearly on the envelope and the letter. Also, reference your FOIA request number 07-0090 in your appeal letter, and include a copy of this letter.

I am the official responsible for this determination and have waived all processing fees. Should you have any questions regarding this matter, please contact my action officer Mr. Keith Mastromichalis at (703) 604-8723.

Sincerely,

Darryl R. Aaron
Chief
FOIA Requester Service Center/
Privacy Act Office

DAN HEILY
9412 BRIAN JAC COURT
GREAT FALLS, VIRGINIA 22066
FEBRUARY 9, 2007

Mr. John R. Crane
Assistant Inspector General
Office of Communications and Congressional Liaison
Room 1034
400 Army Navy Drive
Arlington, VA 22202-4704

Subject        : Freedom of Information Act Appeal of FOIA Request Number 07-0090

Reference (A)  : DoD IG Response to FOIA Request Number 07-0090 dated February 7, 2007
               (attached)
          (B)  : NGA IG Response to October 12 update to IG Hotline Complaint 98873
               (attached)

Dear Mr. Crane;

For the reasons set forth below, I hereby appeal the denial of the Ref FOIA Request.

The FOIA request was for the investigative file for IG Hotline Complaint 98873.

The denial postulates that the Complaint is "part of an open investigation" which is open to
question. Even if the investigation is still open (after a year!) that in an of itself is not grounds
for denial.

The denial was based on exemption (b)(7)(A) which states that information can be withheld if it
*"could reasonably be expected to interfere with enforcement proceedings"*

I posit that disclosing the investigative file will in no way interfere with enforcement
proceedings. My having knowledge of what is in the file will not in any way prejudice any
enforcement proceedings that are contemplated.

Moreover, the request was also made under the Privacy Act. The Department of Defense has
identified IG Investigative Files as CIG-06, Investigative Files.
(http://www.dod.mil/privacy/notices/oig/) and indicated that the only exemption is (j)(2) which
is quoted below:

*(j)(2) maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of
criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts,
correctional, probation, pardon, or parole authorities, and which consists of*

*(A) information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status;*

*(B) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or*

*(C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.*

*At the time rules are adopted under this subsection, the agency shall include in the statement required under section 553(c) of this title, the reasons why the system of records is to be exempted from a provision of this section.*

The only allegation that I have made in my Hotline Complaint that had a criminal component has been closed in writing by the NGA IG. This is attached as Reference B and states: *"Our review determined no further OIG action was warranted..."*

You will note the Privacy Act Exemption (j)(2) is strictly limited to that data relating to a criminal investigation.

CONCLUSION

Because disclosing the Investigative file will not prejudice any enforcement actions, the data release is authorized under the Freedom of Information Act. And because the only criminal action has been closed by Ref B, the data must be released under the Privacy Act.

I further intend to utilize this information in reporting to the Permanent Select Committee on Intelligence of the House of Representatives, the Select Committee on Intelligence of the Senate, and the President's Council on Integrity and Efficiency. I will present a specious denial of the requested data as another example of the contumacious behavior on the part of the NGA IG with the concurrence of the DoD IG.

I look forward to your reply.

Very truly yours,

Dan Heily

Dan Heily



**INSPECTOR GENERAL**
DEPARTMENT OF DEFENSE
400 ARMY NAVY DRIVE
ARLINGTON, VIRGINIA 22202-4704

OCCL

FEB 2 0 2007

Mr. Dan Heily
9412 Brian Jac Court
Great Falls, VA 22066

Dear Mr. Heily:

This is in response to your Freedom of Information Act (FOIA) appeal, dated February 9, 2007. You are appealing the decision of Mr. Darryl R. Aaron, the Initial Denial Authority (IDA), to deny your FOIA request 07-0090.

We have a backlog of pending FOIA appeals that were received prior to yours. In an attempt to afford each requester equal and impartial treatment, we have adopted a general practice of assigning appeals in the order of receipt. Your FOIA appeal has been assigned case number 07-0090A. Please mention this number in any future correspondence to this agency regarding this matter.

We will notify you of the decision on your FOIA appeal as soon as possible. The necessity of this delay is regretted and your continuing courtesy is appreciated. Should you have any questions regarding this matter, please contact me at (703) 604-9785.

Sincerely,

John R. Crane

Freedom of Information Act
Appellate Authority



DAN HEILY
9412 BRIAN JAC COURT
GREAT FALLS, VIRGINIA 22066
MARCH 2, 2007

Attorney General Alberto R. Gonzales
c/o James M. Kovakas
Freedom of Information/Privacy Act Office Civil Division
Room 7304
20 Massachusetts Avenue, NW
Department of Justice
Washington, D.C. 20035

Sent Certified
7005 1160 0002 7262 2933
Return Receipt Requested

**FOIA Request**

Honorable Sir;

The FOIA requests enumerated below are all relating to the case filed in Minneapolis U.S. District Court by Ms. Jane Turner. A verdict was reached in February 2007.

This is the same case that Sen. Charles E. Grassley, Iowa Republican, asked FBI Director Robert S. Mueller III how he now intended to deal with the supervisors held accountable for the acts of retaliation.

In order to help to determine to assess fees, you should know that I am an individual seeking information for personal use and not for a commercial use.

I request a waiver of all fees for this request, but am willing to pay them if required. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in my commercial interest. I intend to publish an explanation of how the government treats "Whistleblowers". I further intend to utilize this information in reporting to the Permanent Select Committee on Intelligence of the House of Representatives, the Select Committee on Intelligence of the Senate on how the Department of Defense treats Whistleblowers.

I would prefer the data in softcopy, but will accept it also in hardcopy. I can read pdf, WordPerfect, and MS Word files easily.

The law gives you twenty work days to comply. I look forward to your response.

Very truly yours,

Dan Heily

Dan Heily

March 1, 2007 FOIA Requests re Jane Turner 2001 case:

1. The initial Bill of Complaint or other triggering document that was filed with the court.

2. The government's response to the triggering document.

3. All amendments to the Bill of Complaint.

4. The government's response to all amendments to the Bill of Complaint.

5. All dispositive motions filed by the government.

6. The answer to all dispositive motions in this case.

7. The District Court rulings on all dispositive motions.

8. The appeal filed by the plaintiff to the Appellate Court.

9. The government's response to the plaintiff's appeal.

10. The Appellate Court ruling overturning the District Court dismissal of the suit.

11. All protective orders and motions in limine filed by the government.

12. The plaintiff's response to all protective orders and motions in limine.

13. The proposed jury instructions submitted by the plaintiff.

14. The proposed jury instructions submitted by the government.

15. The jury instructions approved by the judge.

( )                                                    ( )

DAN HEILY
9412 BRIAN JAC COURT
GREAT FALLS, VIRGINIA 22066
MARCH 22, 2007


U.S. Senate Select Committee on Intelligence
Senator John D. Rockefeller IV, Chairman
Senator Christopher Bond, Vice Chairman
211 Hart Senate Office Building
Washington, D.C. 20510

House Permanent Select Committee on Intelligence
Congressman Silvestre Reyes, Chairman
Congressman Peter Hoekstra, Ranking Member
H-405, U.S. Capitol
Washington, DC 20515-6415

Dr. Robert M. Gates
Secretary of Defense
1000 Defense Pentagon
Washington, DC 20301-1000

Vice Admiral Robert B. Murrett, Director
National Geospatial-Intelligence Agency
4600 Sangamore Road
Bethesda, Maryland 20816

Subject:  National Geospatial-Intelligence Agency

Enclosures:

A     Report to the U.S. Senate Select Committee on Intelligence and the House
      Permanent Select Committee on Intelligence concerning waste, fraud and abuse
      at the National Geospatial-Intelligence Agency dated March 20, 2007

B     Detailed Complaint of Discrimination by Dan Heily to the DoD Inspector General
      and the National Geospatial-Intelligence Agency updated October 12, 2006

C     Information Sharing by Dan Heily dated September 15, 2005
      Also available on the web at http://dan.heily.com/NGA/  (case sensitive)


Honorable Sirs;

The purpose of this paper is to identify some major policy issues and structural issues
with the National Geospatial-Intelligence Agency.

First, let me introduce myself.  I started with CIA in 1967 developing intelligence
systems software.  In 1971, I moved to the BCS Program Office and participated in the

source selection of the BCS. After IOC, I moved to the Mission Ground Station and was there from FOC through the first block change.

In the early 1980's, I joined the Special Project Office for Exploitation Modernization (SPOEM). The SPOEM was the DMA project office that brought DMA into the digital age.

After that I went to private industry and developed intelligence systems for the military.

In September of 2002, I joined the Acquisition Directorate at NGA (nee NIMA). I retired in July, 2006 after management retaliated for my appeal of my 2005 evaluation.

In my 39 years of software development, I have developed similar command systems, processing systems, communications systems etc. It is very disheartening to build yet another similar system.

This use of multiple systems is endemic at NGA. The military commands use different tasking, exploitation and library systems from the NGA personnel, e.g. Command Imagery Library vs NGA Image Library.

I believe we are extending that duality with the National System for Geospatial-Intelligence (NSG) being developed by NGA using the Enterprise Engineering and GeoScout contracts and the Distributed Common Ground/Surface System (DCGS) which was developed by the Air Force.

The web architecture of DCGS is truly visionary (as confirmed by MicroSoft's chief technical person, Ray Ozzie).

> Even Microsoft is implementing the vision of DCGS as indicated in the May 1, 2006 Fortune Magazine article about Ray Ozzie
> http://money.cnn.com/magazines/fortune/fortune_archive/2006/05/01/8375454/index.htm
>
> "... Put simply, Ozzie's assignment is to Webify everything: To intertwine Microsoft's entire product line - software for consumers, software for businesses, Xboxes, all of it - with the vast and ever-growing power of the Net.
>
> "Everything we do should have a presence on the Web," Ozzie says.
>
> Whereas PC software draws mainly on resources on your hard drive, this new software will rely heavily on the "cloud," as they call the Net at Microsoft. The company is planning a suite of applications that run on this new hybrid platform, just as Office and other software run on Windows PCs."

Additionally, the Air Force acquisition strategy that resulted in the delivery of the first system 19 months after contract "go-ahead" is to be strongly commended. In my 39 years of software development, this was the acquisition that impressed me the most. The Intelligence Community should pattern software acquisitions after DCGS.

The efficiency of DCGS came about because the Air Force "web enabled" existing applications, and bound them together on a network. It puts the tools in the hands of the users quickly, and enable software to be updated at will (unlike DII/COE which is

updated on six month cycles).

The NRO is moving to the web with their Integrated Ground Office (IGO). Additionally, they have web enabled a suite of tools called "Fish Tools".

Enclosure A makes the strong case that NGA is not capable of performing an acquisition of a large system. The concerns are as follows:

1 - Program Office Organization
2 - Definition of the Work to Be Performed
3 - Obtuse and Illogical Requirements Process
4 - Misuse of the DoD Architecture Framework
5 - Personnel Skills and Friends Hiring Friends
6 - Sham Training
7 - Ineffectiveness of the NGA Inspector General
8 - Failure of the Configuration Management (CM) Process
9 - Failure of the Personnel System to Meet the Requirements of the NSPS

Enclosure B documents the retaliation when I appealed my 2005 performance appraisal. It was filed on January 24, 2006 and updated on October 12, 2006. I left it in "track changes" format so that the versions could be distinguished.

The reprisal was exemplified in a voice mail from Larry Stephens. That voice mail may be heard at dan.heily.com/NGA (case sensitive) Please listen to the voice mail and/or read the transcript there.

To date, the charges raised on January 24, 2006 have not been answered! The charges raised on October 12, 2006 have received a specious response.

It is clear that NGA has not addressed the concern raised in the NIMA Commission Report i.e. "...inimical influence of old-style management's old-boy/girl network."

---

CHANGE IN THE RELATIONSHIP BETWEEN DATA COLLECTOR AND DATA USER.

In the past, technical intelligence data was difficult to obtain, hard to process, hard to analyze, then the collector did most of the exploitation on long time scales.

Now have a surfeit of data. The processing and exploitation tools are now available to the intelligence consumer. And the temporal need for rapid production is greater.

---

Enclosure C is a discussion on Information Sharing. It posits that the National Counter Terrorism Center (NCTC) should be the model for information sharing envisioned (and recommended) by the WMD Commission.

Both the NCTC and DCGS use a "Service Oriented Architecture" (SOA) to share information. The NCTC uses Google Earth to present an image of the users choosing.

i.e. the user pans and zooms to the area of interest. Data from various sources (CIA, DIA, NGA, NSA etc) are indicated by icons on the image. "Clicking" on an icon will open a window with the latest data from that data provider.

The military commands are getting thousands of Google Earth licenses. (source: NGA internal BLOG entry by a NGA representative supporting a military command). I view this as a failure of NGA to provide needed imagery data to our troops. I won't go to a new restaurant without consulting a web based map. Our troops are being asked to traverse unfamiliar and hostile terrority without a Google Earth capability.

NGA is in the process of fielding a Google Earth capability for JWICS. This will help the personnel in the SCIF, but won't help the soldier in the field.

## RECOMMENDATIONS:

Recommendation 1: Your staff (and you if possible) should get a demonstration of the NCTC. The eloquence of the information sharing achieved is very impressive.

Recommendation 2: Recognize and reward the persons who had the vision for DCGS. It is a profound change in the design of information systems (belatedly recognized by MicroSoft). Additionally, you should recognize the persons who effected the acquisition strategy that resulted in delivery of the first system in 19 months.

Recommendation 3: Review the NSG development being done by NGA to ensure that NGA personnel and command personnel are able to use the same libraries, tasking software and exploitation support software. Unlike now where all are different.

Recommendation 4: Compare the NSG architecture to the DCGS architecture to ensure that they are interoperable.

Recommendation 5: Determine why the very serious allegations made to the IG and the EEO Office on January 24, 1996 have not been investigated and resolved. (Enclosure B) Also listen to the sincerity of the retaliation threat in the voice mail available at http://dan.heily.com/NGA/.

Recommendation 6: From the letting of the EE and GeoScout contracts, determine what has been spent, and what has been fielded. Then compare that to the DCGS acquisition.

Recommendation 7: Determine why none of my Freedom of Information Act requests for data in this matter have not been delivered. I believe the data would prove embarrassing to NGA management. It exhibits how NGA does not care about the law.

Recommendation 8: Review the NGA personnel system to ascertain how well it meets the requirements of the *Requirements Document for National Security Personnel System (NSPS)* dated September 23, 2004.

Recommendation 8: Ascertain the validity of the NGA assumption that a modicum of system engineering training makes a non-technical person the equivalent of an engineer. (see Issue 6 in Enclosure A).

Recommendation 9: Ascertain why NGA elected to use a 750 person program office to develop the NSG instead of the Extraordinary Program Office (EPO) recommended by the NIMA Commission (and historically staffed with 50-60 personnel).

Recommendation 10: U.S. Code 50 U.S.C. § 403-5 *inter alia* assigns the SECDEF through D/NGA the responsibility for *"prescribing technical architecture and standards related to imagery intelligence and geospatial information and ensuring compliance with such architecture and standards;"* You should ascertain what standards are **formally** proscribed by NGA. And where they are formally documented and how user coordination is achieved.

Recommendation 11: Ascertain why change management (i.e. RFC) could be accomplished in six weeks at DMA now takes six to nine months!

I am available to discuss this matter with you or your staff to clarify any points. I can provide a briefing also, if desired. Please contact me via email at dan@heily.com

Our service men and woman are putting everything on the line. They deserve the best intelligence systems and data.

Very truly yours,

Dan Heily

Dan Heily


Distribution:

Enclosures A, B and C:

U.S. Senate Select Committee on Intelligence
Sent U.S. Mail Certified 7004 2890 0001 3258 1273

House Permanent Select Committee on Intelligence
Sent U.S. Mail Certified 7004 2890 0001 3258 1280

Enclosure A only:

Dr. Robert M. Gates, Secretary of Defense, Sent U.S. Mail

Vice Admiral Robert B. Murrett, Director National Geospatial-Intelligence Agency
Sent U.S. Mail

- 5 -

**Dan Heily**

From
:
Sent:
To:
Subject:
Attachments:

Dan Heily [dan@heily.com] Friday, March
23, 2007 11:36 AM
'Robert.B.Murrett@NGA.MIL' RE:
Notification of intent to go to Congress
070322 NGA Report to Congress.pdf

Honorable Sir;

As indicated in the email below, the matter has been transmitted to the House and Senate Intelligence Committees.

Please find attached my missive to congress. You will also be receiving a hardcopy in the mail.

Be advised that if there is no closure on my previously submitted FOIA and Privacy Act requests then I will be filing suit next week to compel you and your staff to obey the laws of congress.

VR

Dan Heily